# UNITED STATES DISTRICT COURT
### for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Timothy Ellis II <br>    *Plaintiff* <br><br> Lisa Ellis <br>    *Plaintiff* <br><br> v. <br><br> Spring Valley Bank & Trust Co. <br>    *Defendant* <br> Serve: <br>    Spring Valley Bank & Trust Co. <br>    8482 West State Road 56 <br>    French Lick, IN 47432 <br><br> Equifax Information Services, LLC <br>    *Defendant* <br> Serve: <br>    Corporation Service Company <br>    421 West Main Street <br>    Frankfort, KY 40601 | Case No.   3:17-cv-652-TBR |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for damages for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because the nucleus of relevant facts and events that affected and damaged Plaintiffs as consumers occurred within Nelson County, Ky., which is located within this District.

## PARTIES

3. Plaintiff Timothy Ellis II is a natural person who resides in Nelson County, Ky. Mr. Ellis is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Plaintiff Lisa Ellis is a natural person who resides in Nelson County, Ky. Ms. Ellis is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

5. Defendant Spring Valley Bank & Trust Co. ("SVB") is an Indiana bank with its headquarters located at 8482 West State Road 56, French Lick, IN 47432. SVB is a furnisher of information with the meaning of the FCRA.

6. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

7. On or about June 11, 2003, Plaintiff Timothy Ellis II and Lisa Ellis (jointly, "the Ellises") entered into a note and mortgage with Defendant Spring Valley Bank & Trust Co. ("SVB") for the purchase of a home (the "Property").

8. The Ellises fell behind in their payments to SVB.

9. SVB filed a foreclosure action against the Ellises on or about October 27, 2006.

10. Consequently, the Ellises' default on the SVB loan occurred on or before October 27, 2006.

11. The Indiana court entered judgment and an order of sale of the Property in SVB's favor on June 25, 2007.

12. The date of first delinquency by the Ellises on the Property for purposes of the FCRA occurred on or before October 27, 2006.

13. On or about October 29, 2007, Mr. Ellis filed for Chapter 13 Bankruptcy relief in the U.S. Bankruptcy Court for the Southern District of Indiana (the "Ellis Bankruptcy").

14. On or about July 26, 2011, the Chapter 13 Trustee for the Ellis Bankruptcy moved to dismiss the Ellis Bankruptcy for failure to make plan payments.

15. According to the Chapter 13 Trustee's motion, Mr. Ellis made his last Chapter 13 Plan payment in the Ellis Bankruptcy on March 30, 2011.

16. On November 22, 2011, the Bankruptcy Court dismissed the Ellis Bankruptcy without a discharge.

17. Even though it had the right to sell the Property, SVB did not act, therefore the deed remained in the Ellises' name.

18. In January 2017, Mr. Ellis contemplated filing for Chapter 7 Bankruptcy relief solely to deal with the Property with deed and SVB debt.

19. Instead of filing for bankruptcy, the Ellises negotiated to transfer the Property deed in lieu of their debt to SVB in February of 2017 and executed a deed in favor of SVB on or about February 28, 2017. A true and accurate copy of the executed and filed deed in lieu is attached as Exhibit "A."

20. The deed in lieu of debt provides in pertinent part:

> This deed is an absolute conveyance, the GRANTORS having sold the above-described real property to the GRANTEE for a fair and adequate consideration, such consideration being full satisfaction of all obligations secured by the real estate mortgage heretofore executed by GRANTORS recorded in Mortgage Record Book 209, pages 1854-1864 in the Office of the Recorder of Lawrence

21. To effectuate the transfer the Ellises, by counsel, sent the executed Property deed in lieu and other documents to SVB's counsel on or about March 2, 2017.

22. In April 2017, Mr. and Mrs. Ellis reviewed their credit reports and discovered negative credit information furnished by SVB on their credit reports prepared by Defendant Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") in connection with the defaulted SVB note and mortgage.

23. The SVB tradeline reported to Equifax and Trans Union noted a balance due of $116,511, a past-due amount of $46,753, and a last payment date of September 1, 2014.

24. Because the date of first delinquency on the SVB note and mortgage occurred no later than October 27, 2006, the SVB tradeline should have fallen off of the Ellises' credit reports by November 2013. 15 U.S.C. § 1681c(a).

25. Because the Property deed in lieu eliminated their underlying debt on the note and

mortgage, the SVB tradeline should not have listed any balance due or past-due amounts.

26. On or about April 13, 2017, the Ellises, by counsel, sent dispute letters to the consumer reporting agencies Equifax and Trans Union disputing the SVB tradeline.

27. The April 13, 2017 dispute letters included a copy of the executed Property deed in favor of SVB which evidenced the satisfaction of the underlying debt.

28. Equifax and Trans Union had an affirmative duty under 15 U.S.C. § 1681i(2) to send SVB prompt notice of the Ellises' dispute within five (5) business days of receiving the dispute.

29. Equifax and Trans Union complied with their statutory duty and sent SVB notice of the Ellises' disputes.

30. Upon receiving the Ellises' dispute from Equifax and Trans Union, SVB had an affirmative duty under 15 U.S.C. § 1681s-2(b) to investigate the substance and merits of the Ellises' disputes concerning the accuracy of the credit information SVB was reporting concerning the Ellises.

31. The dispute letters had mixed results in that the SVB tradeline dropped off of the Ellises' Trans Union credit reports but remained on the Ellises' Equifax credit reports.

32. In September 2017, the Ellises again disputed the SVB tradeline with Equifax in an online dispute.

33. SVB failed to conduct a reasonable investigation into the Ellises' disputes it received from Equifax concerning the negative credit information it was furnishing to Equifax concerning the Ellises' loan.

34. Equifax failed to comply with its statutory duty to notify SVB that that the Ellises had disputed its tradeline.

35. As of October 24, 2017, Equifax was still reporting false and inaccurate information concerning the SVB tradeline since SVB was reporting that the balance due on the loan was $119,364, that the past-due amount was $50,404, and the last payment was made on September 1, 2014.

36. SVB violated the FCRA by failing to conduct a reasonable investigation of the Ellises' dispute, and by furnishing false credit information about the Ellises after receiving their disputes from Equifax, including falsely reporting a balance due, an amount past due, and an

incorrect date of last delinquency.

37. Equifax violated the FCRA by failing to conduct a reasonable investigation of the Ellises' dispute by continuing to report false and inaccurate credit information about the Ellises in connection with the SVB tradeline.

38. As a result of the false and inaccurate credit information concerning the SVB tradeline on their Equifax credit reports, the Ellises were denied credit and had to pay more for credit. The Ellises also suffered from emotion upset and frustration as a result of the inaccurate credit information and the inability to move forward financially because of the inaccurate credit information.

## CLAIMS FOR RELIEF

**I.  Claims against Spring Valley Bank & Trust Co.**

39. After being informed by Equifax that The Ellises disputed the accuracy of the information Defendant Spring Valley Bank & Trust Co. ("SVB") was furnishing to Equifax concerning the SVB tradeline, SVB willfully failed to conduct a proper investigation of the Ellises' disputes filed with Equifax after receiving notice of the Ellises' dispute from Equifax.

40. SVB willfully failed to review and/or furnish all relevant information purportedly provided by Equifax to SVB in conducting its investigation of the Ellises' disputes as required by 15 U.S.C. § 1681s-2(b)(B).

41. SVB willfully failed to direct Equifax to modify or delete inaccurate information about the Ellises pertaining to the SVB tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

42. SVB also willfully failed to note that the Ellises had disputed its tradeline in its response to Equifax.

43. The Ellises have a private right of action to assert claims against SVB arising under 15 U.S.C. § 1681s-2(b).

44. SVB is liable to The Ellises for the actual damages they have sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages for each Plaintiff, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as their reasonable attorney's fees, and they may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

45. SVB's conduct was grossly negligent or negligent and the Ellises are entitled to recover their actual damages they have sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, as well as their reasonable attorney's fees, and they may recover therefore pursuant to 15 U.S.C. § 1681o.

## II. Claims against Equifax Information Services, LLC

46. Defendant Equifax Information Services, LLC ("Equifax") violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of the Ellises' disputes concerning the accuracy of the credit information furnished by Spring Valley Bank & Trust Co.

47. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

48. In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

49.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Timothy Ellis II and Lisa Ellis request that the Court grant them the following relief:

1. Award each Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n against each Defendant;

2. Award each Plaintiff actual damages against each Defendant under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

3. Award each Plaintiff punitive damages against each Defendant under 15 U.S.C. § 1681n;

4. Award each Plaintiff attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**James Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com
hays@creditdefenseky.com